UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONSTAR MORTGAGE LLC,

                Plaintiff,

-against-                                            1:15-cv-1041 (LEK/DJS)

LOUIS J. PIGNATARO, *et al.*,

                Defendants.

## DECISION and ORDER

Plaintiff Nationstar Mortgage LLC ("Plaintiff") commenced the present action against Defendants Louis J. Pignataro ("Pignataro") and the Bank of New York Mellon (the "Bank") (collectively "Defendants") pursuant to the New York Real Property Actions and Proceeding Law. Dkt. No. 1 ("Complaint"). On November 10, 2015, fourteen days after both Defendants' answer deadlines expired, Plaintiff requested an entry of default from the Clerk of the Court, which was granted on November 18, 2015. Dkt. Nos. 8; 9 ("Entry of Default"). Presently before the Court is Plaintiff's Motion for default judgment. Dkt. No. 11 ("Motion").

In the Complaint, Plaintiff exclusively raises state law claims. Plaintiff accordingly claims that subject matter jurisdiction exists through diversity of citizenship. Compl. ¶ 7; see also 28 U.S.C. § 1332. However, Plaintiff's discussion of the citizenship of the parties strongly suggests that the parties are not diverse. Pignataro is alleged to be a citizen of New York, and the Bank is a Delaware corporation with its principal place of business in New York, which makes it a citizen of both Delaware and New York. Compl. ¶¶ 3-4; see also 28 U.S.C. § 1332(c)(1). Plaintiff claims that it is an LLC "directly owned by two Delaware limited liability companies which are directly owned by one Delaware Corporation." Compl. ¶ 2. A limited liability company takes the citizenship of its

members.  Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012).  Thus, assuming that "ownership" of Plaintiff and of the two intermediate LLCs mentioned in the Complaint refers to Plaintiff's members, Plaintiff is considered a citizen of at least Delaware.  Given that complete diversity is an absolute requirement for jurisdiction, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1804), the Court would not possess subject matter jurisdiction over this action.

However, before dismissing this case for lack of subject matter jurisdiction, the Court will allow Plaintiff **thirty (30) days** from the date of this Decision and Order to submit a memorandum that more specifically demonstrates by a preponderance of the evidence that diversity of citizenship exists.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Defendants shall have **ten (10) days** thereafter to file a response.  If Plaintiff fails or elects not to file a memorandum, the Clerk shall dismiss this case for lack of subject matter jurisdiction, at which point Plaintiff would be able to file an action for their state law claims in state court.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff submit a memorandum of law addressing the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 **within thirty (30) days** in order to proceed with this action in federal court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	April 28, 2016
	Albany, New York

Lawrence E. Kahn
U.S. District Judge