UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONSTAR MORTGAGE LLC,

                Plaintiff,

-against-                                      1:15-cv-1041 (LEK/DJS)

LOUIS J. PIGNATARO, *et al.*,

                Defendants.

**DECISION and ORDER**

Plaintiff Nationstar Mortgage LLC ("Plaintiff") commenced the present action against Defendants Louis J. Pignataro ("Pignataro") and the Bank of New York Mellon (the "Bank") (collectively, "Defendants") pursuant to the New York Real Property Actions and Proceeding Law. Dkt. No. 1 ("Complaint"). On November 10, 2015, fourteen days after both Defendants' answer deadlines expired, Plaintiff requested an entry of default from the Clerk of the Court, which was granted on November 18, 2015. Dkt. Nos. 8; 9 ("Entry of Default"). Plaintiff then filed a Motion for default judgment. Dkt. No. 11 ("Motion"). The Court found that Plaintiff's description of the parties implied a lack of complete diversity pursuant to 28 U.S.C. § 1332. Dkt. No. 18 ("April Order") at 1. Before dismissing the case for lack of subject matter jurisdiction, the Court allowed Plaintiff thirty days to submit a memorandum "more specifically demonstrat[ing] by a preponderance of the evidence that diversity of citizenship exists." Id. at 2. Presently before the Court is Plaintiff's Memorandum of law addressing the complete diversity issue. Dkt. No. 20 ("Memorandum").

Plaintiff's Complaint is deficient because it fails to establish grounds for the Court's jurisdiction in compliance with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff claims to be an LLC "directly owned by two Delaware limited liability companies which are directly owned

by one Delaware [c]orporation." Id. A limited liability company takes the citizenship of its members. Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). Thus, assuming that "ownership" of Plaintiff and of the two intermediate LLCs mentioned in the Complaint refers to Plaintiff's members, Plaintiff is considered a citizen of at least Delaware. In its Complaint, Plaintiff stated that the Bank had its principal place of business in New York and was incorporated in Delaware. Id. Thus, based on the face of the Complaint, the parties lack complete diversity.

Plaintiff's Memorandum is styled as a Memorandum in support of a motion to amend pleadings.[1] Mem. at 1. No such motion was separately filed, but even if the Memorandum is construed as a motion to amend, Plaintiff failed to attach an unsigned copy of the proposed amended pleading as is required by the Local Rules. L.R. 7.1.

In both Plaintiff's Complaint and Memorandum, Plaintiff additionally failed to address the Bank's role as trustee for the certificate holders of CWHEQ, Inc., Home Equity Loan Asset-Backed

---

[1] In the Memorandum, Plaintiff characterized its previous classification of Bank's citizenship as "erroneous," claiming that the Bank is solely a citizen of New York since that is where its main office is located. Mem. at 6-7. Plaintiff's supporting cases for a finding of sole citizenship are not relevant. Id. at 7; see also Bank of N.Y. Mellon v. Pennington, 2012 U.S. Dist. LEXIS 125460 (C.D. Cal. Aug. 22, 2012) (remanding the case to the Superior Court of California, Riverside County for lack of facts competently alleging federal question or diversity jurisdiction). Moreover, citizenship defined by principal place of business does not preclude citizenship in another state based on incorporation. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). The burden of establishing diversity jurisdiction rests on the party seeking to prove it, and the burden is one of competent proof. According to the State of Delaware's Division of Corporations, the Bank appears to be incorporated in Delaware. Entity Details, Dep't St.: Division Corp., https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (search in search bar for Bank of New York Mellon) (last visited June 27, 2016). Plaintiff's Memorandum provides no new facts regarding the Bank's state of incorporation, instead omitting the originally stated facts altogether. Mem. at 6-7.

Certificates, Series 2007-S2. In order to show complete diversity in cases involving a trust, Plaintiff must identify the real party in interest whose citizenship is at issue for purposes of diversity jurisdiction. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462-64 (1980) (holding that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.") This is especially true in light of the Supreme Court's recent ruling Americold Realty Trust v. ConAgra Foods, Inc., which held that "when a trustee files a lawsuit or is sued in her own name, [the trustee's] citizenship is all that matters for diversity purposes" provided that the trustee has the customary powers referenced in Navarro, but that a business trust's membership, i.e., the beneficiaries, is determinative when the trust itself is sued. 136 S. Ct. 1012, 1016 (2016).

Since the issue of the Bank's role as trustee has not been previously addressed by the Court, the Court grants Plaintiff leave to amend its Complaint in compliance with the Local Rules **within twenty-one (21) days** of this decision. Plaintiff must establish complete diversity of the parties pursuant to 28 U.S.C. § 1332 by clearly defining the citizenship of the real parties in interest on the face of the Complaint, and support these allegations through affidavits and other evidence in any future motion for default judgment. Otherwise, the case will be dismissed for lack of subject matter jurisdiction and Plaintiff may file an action for its state law claims in state court. Plaintiff is cautioned to proceed with good faith in making a claim of complete diversity.

Since Plaintiff is granted leave to amend, Plaintiff's Motion for default judgment is denied. Upon the Court's acceptance of an amended complaint, Plaintiff may move for default judgment with the support of new affidavits and other evidence.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction and it is further

**ORDERED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 11) is **DENIED without prejudice** and it is further

**ORDERED**, that Plaintiff shall file a motion to amend its complaint in accordance with the Local Rules **within twenty-one (21) days** in order to proceed with this action in federal court; and it is further

**ORDERED**, that if Plaintiff does not file a motion to amend within **twenty-one (21) days**, this action will be **DISMISSED** without future order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 01, 2016
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge